U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 10 2013
CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JERRY DURANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-577-A |
| | § | |
| COMPASS BANK, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Before the court for decision is the motion of plaintiff, Jerry Durant, to remand the above-captioned action to the District Court of Parker County, Texas, 43rd Judicial District. After having reviewed the motion to remand, the response of defendant, Compass Bank, the reply, the notice of removal, the pleading by which plaintiff initiated this action in state court, and pertinent legal authorities, the court has concluded that such motion should be granted and that the case should be remanded to the state court from which it was removed.

I.

<u>Procedural History and Nature of Plaintiff's Action</u>

This action was initiated by plaintiff in the District Court of Parker County, Texas, 43rd Judicial District, on June 20, 2013, by the filing of plaintiff's original petition seeking a declaration relative to the rights, status, and legal relations

between plaintiff and defendant under a promissory note and related documents. Specifically, plaintiff sought a declaration that he may pay off without payment of any penalty the amount he owes to defendant under a $6,000,000 promissory note; a declaration that if plaintiff pays off all amounts owed under the promissory note, the payment will not constitute a termination, "early termination loss," nor an event of default or acceleration under an agreement referred to by plaintiff in his pleading as an "Interest Rate Agreement";[1] and a declaration that upon payment of all amounts owed by plaintiff to defendant under the promissory note, plaintiff will have met all his obligations under his various agreements with defendant and that plaintiff will owe no further payment to defendant.

On July 16, 2013, defendant filed a notice of removal, removing the action to this court based on diversity of citizenship between the parties and the fact that the matter in controversy exceeds $75,000, exclusive of interest and costs.

On July 23, 2013, plaintiff filed his motion to remand this action to the state court. Plaintiff does not contest that this court has subject matter jurisdiction over the action, only that by virtue of a contractual mandatory venue provision, defendant

---

[1] The document plaintiff refers to in his papers as an "Interest Rate Agreement" appears to be the same document defendant refers to in its filings as a "Master Agreement." The title of the document is "Master Agreement." Consequently, the court is referring to the document as the "Master Agreement."

2

waived any right it had to remove this action. Defendant filed a response in opposition to the motion to remand, to which plaintiff replied.

## II.

### The Contentions of the Parties on the Remand Issue

The underlying dispute between the parties is over whether defendant is entitled to require plaintiff to pay a penalty if he pays off the balance of the loan as he proposes. The promissory note at issue granted plaintiff the right to pay off the outstanding balance owed on the note without a penalty after June 1, 2011.

When plaintiff informed defendant that he wished to pay off the promissory note, defendant took, and continues to take, the position that even if plaintiff pays off the outstanding principal and accrued interest, he must nevertheless pay defendant a fee in excess of $1,000,000 based on language in the Master Agreement.

Contemporaneously with plaintiff's execution and delivery of the promissory note on May 2, 2008, plaintiff and defendant entered into a Loan Agreement that contained provisions defining certain rights and obligations of the parties relative to the loan. The promissory note recites that it was "executed and delivered pursuant to, and is subject to, the terms of [the] Loan

Agreement . . . ."  Id. at 49, ¶ 17.  The Loan Agreement contains the forum selection clause upon which plaintiff relies, which provides that "VENUE OF ANY ACTION ARISING UNDER THIS AGREEMENT AND THE LOAN DOCUMENTS SHALL BE IN PARKER COUNTY, TEXAS."  Id. at 38, ¶ 7.17.

Defendant responds as to the underlying issue (whether plaintiff has a payment obligation to defendant if he prepays the balance of the loan) by relying on language contained in the Master Agreement, which is dated as of March 21, 2008, and was signed by both parties before the promissory note and Loan Agreement were executed.  The court has not attempted to evaluate the merits of the respective contentions of the parties as to whether the Master Agreement contains language that prevails over the prepayment language found in the promissory note.  The court's focus is on the contentions of defendant that this is not an action arising under the Loan Agreement and loan documents and that language in the Master Agreement cancels out the forum selection clause in the Loan Agreement.  The language in the Master Agreement upon which defendant relies to defeat the forum selection clause is as follows:

> (b) *Jurisdiction*.  With respect to any suit, action or proceedings relating to this Agreement ("Proceedings"), each party irrevocably:--

> (i) submits to the jurisdiction of the English courts, if this Agreement is expressed to be governed by English law, or to the non-exclusive jurisdiction of the courts of the State of New York and the United States District Court located in the Borough of Manhattan in New York City, if this Agreement is expressed to be governed by the laws of the State of New York; and (ii) waives any objection which it may have at any time to the laying of venue of any Proceedings brought in any such court, waives any claim that such Proceedings have been brought in an inconvenient forum and further waives the right to object, with respect to such Proceedings, that such does not have any jurisdiction over such party.

Nothing in this Agreement precludes either party from bringing Proceedings in any other jurisdiction (outside, if this Agreement is expressed to be governed by English law, the Contracting States, as defined in Section 1(3) of the Civil Jurisdiction and Judgments Act 1982 or any modification, extension or re-enactment thereof for the time being in force) nor will the bringing of Proceedings in any one or more jurisdictions preclude the bringing of Proceedings in any other jurisdiction.

Resp., App. at 38, § 13(b).

### III.

### Analysis

A. <u>Principles Governing Enforceability of the Parker County Mandatory Venue Provision</u>

Federal law applies to determine the enforceability of a forum selection clause in a diversity case. <u>Alliance Health Group v. Bridging Health Options</u>, 553 F.3d 397, 399 (5th Cir.

2008). A clause that speaks in terms of mandatory venue is treated by the Fifth Circuit as a forum selection clause. Id.

"A party to a contract may waive a right of removal [to federal court] provided the provision of the contract makes clear that the other party to the contract has the right to choose the forum in which any dispute will be heard." Waters v. Browning-Ferris Indus., Inc., 252 F.3d 796, 797 (5th Cir. 2001) (internal quotation marks omitted). A forum selection clause that mandates venue in a particular county does not constitute a waiver by the defendant of the right to remove to federal court an action filed in a state court situated in the designated county if a federal courthouse is situated in that county. Alliance, 553 F.3d at 401-402. However, if there is no federal courthouse situated in the designated county, the defendant does not have the right to remove the action to federal court. See Collin Cnty. v. Siemens Bus. Serv., Inc., 250 F. App'x. 45, 52-54 (5th Cir. 2007); Argyll Equities, LLC v. Paolino, 211 F. App'x. 317, 318-19 (5th Cir. 2006); First Nat'l of N. Am., LLC v. Peavy, No. 3:02-CV-033-BD, 2002 WL 449582 at *2 (N.D. Tex. Mar. 21, 2002); Greenville Elec. Util. Sys. v. North Pac. Grp. Inc., No. 3:01-CV-758-BD, 2001 WL 804521 at *2 (N.D. Tex. July 6, 2001).

B. <u>Unless the Language of the Master Agreement Requires a Different Outcome, the Forum Selection Clause Constitutes a Waiver by Defendant of Its Right to Remove This Action to Federal Court</u>

The venue provision "<u>shall be</u> in Parker County, Texas" (emphasis added) language provides a clear statement that plaintiff has the right to insist that any action brought under the agreement and the loan documents be in a court situated in Parker County, Texas. There is no federal courthouse situated in Parker County. Thus, under the authorities cited above, unless language in the Master Agreement prevails over the Loan Agreement's forum selection clause, the mandatory venue provision in the Loan Agreement constituted a waiver by defendant of its right to remove this action from the state district court of Parker County to this court.

Apparently the only disagreement defendant has with the propositions stated in the immediately preceding paragraph is what appears to be a contention by defendant that this action does not arise under the Loan Agreement and the loan documents. As the court interprets some of defendant's arguments, defendant maintains that this action arises solely under the Master Agreement, and does not arise in any respect under the Loan Agreement and the loan documents. If defendant is taking that position, the court disagrees. The whole point of this action

7

appears to be for plaintiff to obtain a ruling that the prepayment provision of the promissory note governs defendant's prepayment rights. The promissory note is one of the "loan documents," as defined in the Loan Agreement, and the promissory note is expressly made subject to the terms of the Loan Agreement, with the consequence that plaintiff's action seeking a declaration as to its rights under the prepayment language of the note is an action arising under the Loan Agreement and the loan documents.

C. <u>The Language of the Master Agreement Does Not Require a Different Outcome</u>

Defendant seems to take the alternative position that the "Jurisdiction" language found in section 13(b) of the Master Agreement somehow cancels out the forum selection clause contained in the Loan Agreement. The court disagrees with defendant.

The forum selection provision in the Loan Agreement is a clear mandate that any action arising under the Loan Agreement and the loan documents "shall" be in Parker County. In contrast, the "Jurisdiction" language in the Master Agreement is vague and confusingly worded. Inasmuch as the Master Agreement, promissory note, and Loan Agreement all pertain to the loan transaction in question, they must be interpreted together; and, when there is

8

an inconsistency between two instruments, the provisions of the later executed of the instruments prevail over those in the first. Courage Co., L.L.C. v. ChemShare Corp., 93 S.W.3d 323, 333 (Tex. App.--Houston [14th Dist.] 2002, no pet.); see also Breaux v. Halliburton Energy Serv., 562 F.3d 358, 366 (5th Cir. 2009) (noting the "well-established contract principle that a contract containing a term inconsistent with a term of an earlier contract between the same parties is interpreted as including an agreement to rescind the inconsistent term of the earlier contract." (citing 29 Williston on Contracts § 73.17 (4th ed. 2003) (omitting internal quotation marks, brackets, and emphasis). Consequently, if there is an inconsistency between language in the Master Agreement, on the one hand, and the later executed Loan Agreement and promissory note, on the other, the provisions of the latter control.

D.  Conclusion

For the reasons stated above, the court concludes that defendant waived its right to remove this action from the state district court of Parker County to this court. The relationship between plaintiff and defendant was governed by the forum selection clause fixing venue in Parker County. There being no federal courthouse in Parker County, defendant had no right to remove this action instituted there to this court. The existence

of language in the Master Agreement that defendant contends is inconsistent with the promissory note's forum selection clause does not dilute the effect of the clause. Therefore, plaintiff is entitled to have this action remanded to the state district court of Parker County from which it was removed.

IV.

Order

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, granted and that the above-captioned action be, and is hereby, remanded to the District Court of Parker County, Texas, 43rd Judicial District.

SIGNED September 10, 2013.

_____
JOHN McBRYDE
United States District Judge